**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**March 15, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

DENNIS RAY RIGSBY, JR.,

      Plaintiff - Appellant,

v.

GREAT STATE OF ARKANSAS;
PARKER, Boone County Public Defender;
GREAT STATE OF OKLAHOMA,

      Defendants - Appellees.

No. 21-6132
(D.C. No. 5:21-CV-00760-R)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MORITZ**, **BRISCOE**, and **CARSON**, Circuit Judges.
_____

Plaintiff Dennis Ray Rigsby, Jr., an Oklahoma state prisoner, filed this action

under 42 U.S.C. § 1983 seeking various forms of relief against the State of Arkansas,

the State of Oklahoma, and a public defender who represented Rigsby in an Arkansas

state criminal proceeding.  The district court dismissed Rigsby's complaint without

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

prejudice. Rigsby now appeals from that ruling. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm the district court's judgment.

I

On June 8, 2020, Rigsby was arrested and charged with first-degree murder in the District Court of Custer County, Oklahoma. ROA at 25. The case proceeded to trial in November 2021 and a jury found Rigsby guilty of first-degree murder after former conviction of two or more felonies. On December 10, 2021, Rigsby was sentenced to a term of life imprisonment without parole.

During the pendency of the Custer County criminal proceedings, Rigsby initiated these federal proceedings by filing a pro se civil rights complaint in the United States District Court for the Western District of Oklahoma. Rigsby named as defendants the "Great State of Arkansas," "Boone county public defender Parker," and the "Great State of Oklahoma." ROA at 3. The gist of Rigsby's complaint appears to have been to challenge the validity of his prior felony criminal convictions and to challenge his ongoing criminal proceedings in Custer County. In Claim I of his complaint, Rigsby alleged that he was charged in Boone County, Arkansas, with two felonies. *Id*. at 15. Although his complaint is difficult to decipher, Rigsby appears to have alleged that he pleaded guilty in Boone County pursuant to a plea agreement. *Id*. Rigsby further alleged that the United States Constitution did not provide for "a right to sign a plea agreement," and he sought relief, in pertinent part, in the form of an amendment to the Constitution preventing plea agreements or, alternatively, an order to "stop all the states from letting people sign plea

2

agreements." *Id*. at 16.  In Claim II of his complaint, Rigsby alleged that his rights under the Fifth, Sixth, and Eighth Amendments were violated when a public defender in Boone County, Arkansas, advised him to sign a plea agreement in the criminal case referred to in Claim I of the complaint.  *Id*. at 16–17.  Although it is again not entirely clear from the record, Rigsby appears to have alleged in Claim II that his public defender misled him regarding the amount of time he would serve as a result of his guilty plea, and that Rigsby had already previously served time for the same underlying criminal conduct.  *Id*. at 17.  Rigsby requested relief in the form of $30,000 in damages and the expungement of his felony convictions in Boone County. In Claim III of his complaint, Rigsby alleged that his rights under the Fourth, Fifth, Sixth, and Eighth Amendments to the United States Constitution were being violated in his criminal proceedings in Custer County, Oklahoma, because he was facing "extra punishment" (presumably due to his prior felony convictions).  *Id*. at 20.  In Claim IV of his complaint, Rigsby alleged that during a 2003 criminal jury trial in Oklahoma County, Oklahoma, he was found guilty of a lesser-included charge that he had not been given notice of prior to the trial.  Rigsby requested relief for Claim IV in the form of an order "stop[ping] all lesser included charges in all jury trials in the United States," or to "Amend the Bill of Rights."  *Id*. at 21.  He also sought dismissal of the Oklahoma County criminal charges and an award of $23,000 in damages.  *Id*.

The district court referred the case to the magistrate judge for preliminary review and for the preparation of findings and recommendations.  On August 4, 2021, the magistrate judge issued a report and recommendation recommending that

Rigsby's "action should be dismissed." *Id*. at 25.  The magistrate judge noted that

because Rigsby was seeking to "challeng[e] the validity of his previous criminal

convictions" and was indeed seeking expungement of those convictions, his claims

were barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477

(1994).  ROA at 29–30.  The magistrate judge also concluded that the two state

defendants—Arkansas and Oklahoma—were immune under the Eleventh

Amendment from any claim for damages.  Finally, the magistrate judge concluded

that defendant Parker was not amenable to suit under 42 U.S.C. § 1983 because "'a

public defender generally does not act under color of state law when performing a

lawyer's traditional functions as counsel to a defendant in a criminal proceeding,'"

*id*. at 32 (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981)), and because there

was no allegation that "Parker conspired with a state official to deprive [Rigsby] of

any constitutionally protected right in his criminal case," *id*. at 33.  In sum, the

magistrate judge recommended that (a) Rigsby's "action be dismissed without

prejudice, pursuant to 28 U.S.C. § 1915A(b), as his claims are barred by *Heck*,"

(b) Rigsby's "claims against the states of Oklahoma and Arkansas should be

dismissed as each are immune from liability under the Eleventh Amendment," and

(c) Rigsby's "claims against Defendant Parker should be dismissed for failure to state

a claim upon which relief can be granted because . . . Parker is not a state actor," and

that "[t]he dismissal should be counted as a 'strike' pursuant to 28 U.S.C. § 1915(g)."

*Id*.

4

Rigsby filed an objection to the magistrate judge's report and recommendation but did not specifically challenge any of the magistrate judge's conclusions. Instead, Rigsby simply "ask[ed] the United States and the Western District of Oklahoma to review all [his] complaints and give [him] justice because we the people demand justic [sic] for all." *Id*. at 37.

On September 28, 2021, the district court issued an order adopting the magistrate judge's report and recommendation and dismissing Rigsby's complaint without prejudice. In doing so, the district court agreed with the magistrate that the two state defendants were immune from suit under the Eleventh Amendment and that defendant Parker was not subject to suit under § 1983. *Id*. at 47–48. The district court entered judgment in the case that same day.

Rigsby filed a notice of appeal on October 14, 2021.

II

In his opening appellate brief, Rigsby does not directly challenge the district court's order of dismissal and instead simply repeats some, but not all, of the allegations in his complaint. Because, however, Rigsby is proceeding pro se, we will liberally construe his appellate brief as challenging the entirety of the district court's order of dismissal. *See generally Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (emphasizing that a document filed pro se is to be liberally construed and held to less stringent standards than formal pleadings drafted by attorneys). We review de novo the district court's decision to dismiss Rigsby's complaint. *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).

We agree with the district court, as an initial matter, that the two state defendants cannot be sued in this action.  It is well established that the Eleventh Amendment bars suits against states under § 1983 "unless the State has waived its immunity."  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989).  The Supreme Court has held that § 1983 did not abrogate states' sovereign immunity, *Quern v. Jordan*, 440 U.S. 332, 345 (1979), and Rigsby points to no authority indicating that Arkansas or Oklahoma have waived their immunity under § 1983.

We also agree with the district court that defendant Parker is not subject to suit under § 1983 because he was not a state actor at the time he represented Rigsby in the Arkansas state criminal proceedings, and there are no allegations in Rigsby's complaint that Parker conspired with any state officials to deprive Rigsby of his constitutional rights by pleading guilty.  *See Polk Cty. v. Dodson*, 454 U.S. 312, 324–25 (1981) (holding that public defender did not act under color of state law in exercising her independent professional judgment in a criminal proceeding).

Lastly, we conclude that all of Rigsby's claims are precluded by *Heck* because they all "necessarily imply the invalidity" of his state criminal convictions.  512 U.S. at 487.  In *Heck*, the Supreme Court held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

6

512 U.S. at 486–87.  Here, there is no indication in the record that Rigsby has ever successfully challenged any of his state convictions.  Thus, his § 1983 claims pertaining to those convictions cannot proceed as they necessarily imply the invalidity of valid convictions.

## III

The judgment of the district court is AFFIRMED.  We DENY Rigsby's Motion for Leave to Proceed On Appeal Without Prepayment of Costs or Fees and for Leave to Proceed *In Forma Pauperis*.  The full amount of the filing fee is now due and owing.  Rigsby shall immediately pay the full amount of the filing fee to the district court.

The district court's dismissal of this case on immunity grounds and for failure to state a claim constitutes a "strike" under 28 U.S.C. § 1915(g).  Rigsby has now accumulated at least three strikes.  *See Rigsby v. Marler, et al.*, No. CIV-21-316 (W.D. Okla. Sept. 17, 2021) (dismissing action for failure to state a claim and Eleventh Amendment immunity), Appeal No. 21-6124 dismissed for failure to prosecute (10th Cir. Feb. 8, 2022); *Rigsby v. City of Chicago, et al.*, No. CIV-21-666-R. (W.D. Okla. Sept. 21, 2021) (dismissing action as clearly barred by statute of limitations and Eleventh Amendment immunity), Appeal No. 21-6125 dismissed for failure to prosecute (10th Cir. Feb. 8, 2022); *Rigsby v. Smith*, CIV-21-834-R (W.D. Okla. Sept. 21, 2021) (dismissing action on *Heck v. Humphrey* grounds and for failure to state a claim), Appeal No. 21-6131 dismissed for failure to prosecute (10th

Cir. Feb. 8, 2022); *Rigsby v. Custer County, Oklahoma, et al.*, CIV-21-667-R (W.D. Okla. Sept. 22, 2021) (dismissing action on *Heck v. Humphrey* grounds, Eleventh Amendment immunity, and for failure to state a claim), Appeal No. 21-6130 dismissed for failure to prosecute (10th Cir. Feb. 8, 2022). As a result, going forward, Rigsby will not be permitted to proceed in any civil action or appeal without prepaying the filing fee unless he is under imminent danger of serious physical injury.

Entered for the Court


Mary Beck Briscoe
Circuit Judge